**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| MARCIE D. VADNAIS,<br><br>               Plaintiff,<br><br>    v.<br><br>SIG SAUER, INC.,<br><br>               Defendant. | No.: 1:18-cv-00540-LMB-IDD |

<u>**SIG SAUER, INC.'S PROPOSED JURY INSTRUCTIONS**</u>

       Defendant SIG Sauer, Inc. ("SIG Sauer" or "Defendant"), through its undersigned counsel, pursuant to Local Rule 51 and this Court's Scheduling Order [ECF No. 32], submits the following Proposed Jury Instructions. SIG Sauer reserves the right until the time of the charge conference to seek to withdraw any instruction not supported by the evidence at trial, or otherwise to modify or to add to these Proposed Jury Instructions in accordance with the evidence at trial.

**PROPOSED JURY INSTRUCTION NO. ___**

**General Instructions – Province of the Court and Jury**

MEMBERS OF THE JURY, now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty to follow the law as I shall state it to you and apply that law to the facts as you find them from the evidence in this case.  You are not to single out one instruction as alone stating the law, but you should consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.  You must follow and apply the law.

Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you must follow my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case.  You, not I, have a duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is being given to you, and reach a just verdict, regardless of the consequences.

(Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* (6th ed., 2018 Supp.) ("*Fed. Jury Pract. & Instr.*") § 103:01.)

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Parties of Equal Standing</u>**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.  A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations, stand equal before the law, and are to be treated as equals.

(*Fed. Jury Pract. & Instr.* § 103.12.)

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Evidence in the Case</u>**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

(*Fed. Jury Pract. & Instr.* §§ 104:20 & 101.44.)

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Evidence – Direct or Circumstantial</u>**

Generally speaking, there are two types of evidence presented during a trial – direct evidence and circumstantial evidence.

"Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.

"Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence.  You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

(*Fed. Jury Pract. & Instr.* § 104:05.)

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Verdict Based on Evidence</u>**

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation.

Your verdict must be based solely upon the evidence and the instructions of the Court.

(Virginia Model Jury Instructions ("VMJI") No. 2.220.)

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Amount Sought Not Evidence</u>**

Any amount of damages is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

(VMJI No. 2.180.)

**PROPOSED JURY INSTRUCTION NO. __**

## Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impressed you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

(*Fed. Jury Pract. & Instr.* § 105:01.)

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Use of Depositions as Evidence</u>**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand, may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

(*Fed. Jury Pract. & Instr.* § 105.02.)

## PROPOSED JURY INSTRUCTION NO. __

### <u>Expert Opinion Evidence</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become an expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  *In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it and the underlying facts and data upon which he relied.*

If you should decide that the opinion of an expert witness is not based on sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

(*Fed. Jury Pract. & Instr.* § 104.40; VMJI No. 2.040.)

**PROPOSED JURY INSTRUCTION NO. __**

**Conflicting Expert Testimony**

You have heard testimony of expert witnesses who have been called by both sides to give their opinions.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact-that is, whether plaintiff has proven his claims by the greater weight of the evidence; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

(Adapted from 4-76 *Modern Federal Jury Instructions-Civil*, ¶ 76.01, Instr. 76-10, *Lust v. Clark Equipment Co.*, 792 F.2d 436, 439 (4th Cir. 1986).)

**PROPOSED JURY INSTRUCTION NO. __**

**Impeachment – Inconsistent Statements or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

(*Fed. Jury Pract. & Instr.* § 105:04.)

**PROPOSED JURY INSTRUCTION NO. __**

<u>**Stipulations**</u>

The parties have stipulated to certain facts.  A stipulation is an agreement among the parties that a certain fact is true.  You must treat these stipulations as having been proven for the purposes of this case.

(Adapted from *Fed. Jury Pract. & Instr.* § 102:11.)

## PROPOSED JURY INSTRUCTION NO. ___

### <u>Burden of Proof</u>

Plaintiff Marcie Vadnais has the burden in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence.  If Plaintiff Marcie Vadnais should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for defendant SIG Sauer, Inc., as to that claim.

*The defendant has the burden of establishing the essential elements of certain affirmative defenses.  I will explain this later.*

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof of an absolute certainty, since proof of an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

(*Fed. Jury Pract. & Instr.* § 104.01.)

**PROPOSED JURY INSTRUCTION NO. ___**

**Plaintiff's Claims Against SIG Sauer – Introduction**

Plaintiff claims damages for personal injury alleged to have been suffered as a result of defendant SIG Sauer's negligence and breach of implied warranty of merchantability.

Plaintiff is pursuing these claims under two alternative legal theories.  First, Plaintiff claims SIG Sauer manufactured the Subject P320 Pistol in a manner that rendered it unreasonably dangerous for its foreseeable uses.

Second, Plaintiff claims that by selling the Subject P320 Pistol, SIG Sauer impliedly warranted that the Subject P320 Pistol was reasonably fit for its foreseeable uses.  Plaintiff claims that SIG Sauer breached the implied warranty of merchantability with regard to the Subject P320 Pistol in that SIG Sauer manufactured the Subject P320 Pistol in a manner that rendered it unreasonably dangerous for its foreseeable uses.

I will instruct you on the law of each of these claims.  SIG Sauer denies these claims.  On each of these claims, Plaintiff bears the burden of proof.

If you find that Plaintiff has met his burden of proof under any of the two legal theories, you shall find your verdict on that claim in favor of Plaintiff.  Otherwise, your verdict will be for SIG Sauer.

(Adapted from *Fed. Jury Pract. & Instr.* §§ 101:03, 122.01.)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Essential Elements of Plaintiff's Claim</u>**

Plaintiff Marcie Vadnais must establish three essential elements in order to recover:

One: Defendant SIG Sauer manufactured the Subject P320 Pistol, which at the time Defendant SIG Sauer manufactured it, was in a defective condition unreasonably dangerous to the consumer or user;

Two: the Subject P320 Pistol was expected to and did reach the ultimate consumer without substantial change in the condition in which Defendant SIG Sauer had it; and

Three:  the defective condition in the Subject P320 Pistol proximately caused injury to the Plaintiff, Marcie Vadnais.

If you find plaintiff Marcie Vadnais has established each of these elements by a preponderance of the evidence, your verdict will be for Plaintiff Marcie Vadnais.  Otherwise, your verdict will be for defendant SIG Sauer.

(Adapted from *Fed. Jury Pract. & Instr.* § 122:02)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Definition of Defective Condition</u>**

A product is in a defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer with the ordinary knowledge common to the foreseeable class of users as to its characteristics. A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

(*Fed. Jury Pract. & Instr.* § 122:10)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Definition of Proximate Cause</u>**

A defective condition proximately causes an injury if the defect directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so it reasonably can be said that, except for the defective condition, the injury complained of would not have occurred.

(*Fed. Jury Pract. & Instr.* § 122:11)

## PROPOSED JURY INSTRUCTION NO.___

### <u>Definition of Negligence</u>

Negligence is the failure to use ordinary care.  Ordinary care is the care a reasonable person would have used under the circumstances of this case.  In the case of manufacturers, ordinary care is the care a reasonable manufacturer in the industry would have used under the circumstances.

(VMJI No. 4.000; further adapted from *Raines v. Lutz*, 231 Va. 110, 115, 341 S.E.2d 194, 197 (1986).)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Manufacturer's Duty</u>**

A manufacturer has a duty to use ordinary care in manufacturing a product that will be reasonably safe for its intended purpose and for any other reasonably foreseeable purpose.

If a manufacturer fails to perform this duty, then it is negligent.

(VMJI No. 34.140)(modified)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Manufacturer not Guarantor</u>**

The manufacturer of a firearm is not a guarantor that no one will get hurt using it.  What the manufacturer is required to do is to make a product free from defective and unreasonably dangerous conditions.

(Adapted from *Fed. Jury Pract. & Instr.* § 122.23) (modified)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Fact that there was Accident</u>**


The fact that there was an accident and that Plaintiff was injured does not, of itself, entitle Plaintiff to recover.



(VMJI No. 4.015.)

## PROPOSED JURY INSTRUCTION NO. ___

### <u>Burden of Proof</u>

The plaintiff has the burden of proving by the greater weight of the evidence that SIG Sauer was negligent and that SIG Sauer's negligence proximately caused the accident and Plaintiff's injuries.

(Adapted from VMJI No. 4.010.)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Definition of Contributory Negligence</u>**

Contributory negligence is the failure to act as a reasonable person would have acted for her own safety under the circumstances of this case.

(VMJI No. 6.000)

## PROPOSED JURY INSTRUCTION NO.__

### Contributory Negligence Burden of Proof

When the defendant claims contributory negligence as a defense, he has the burden of proving by the greater weight of the evidence that the plaintiff was negligent and that this negligence was a proximate cause of plaintiff's injuries.  Contributory negligence may be shown by the defendant's evidence or by the plaintiff's evidence. Contributory negligence is the failure to act as a reasonable person would have acted for her own safety under the circumstances of this case.

 (VMJI No. 6.040)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Contributory Negligence – Parties' Negligence Not Compared</u>**

If you find by the greater weight of the evidence that both the plaintiff and the defendant were negligent and that their negligence proximately contributed to the accident, you may not compare the negligence of the parties.  Any negligence of the plaintiff which was a proximate cause of the accident will bar the plaintiff from recovering.

 (VMJI No. 6.050)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Implied Warranty of Merchantability</u>**

Plaintiff also seeks to recover damages for breach of implied warranty of merchantability. A warranty is a promise or guarantee by a manufacturer or seller that the product is of a certain quality or character.  The word "seller" includes a manufacturer and all others who sell a product. There is an implied warranty by a seller that the product will be fit for the purposes for which it is ordinarily used.

(Adapted from VMJI Nos. 34.000 & 34.060)

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Implied Warranty of Merchantability</u>**

The manufacturer has breached the implied warranty that the product is fit for the purposes for which it is ordinarily used if the plaintiff proves by a preponderance of the evidence that the product was unreasonably dangerous either for the use to which it would ordinarily be put or for some other reasonably foreseeable purpose, and that the unreasonably dangerous condition existed when the product left the manufacturer's hands.

(VMJI No. 34.075)

## PROPOSED JURY INSTRUCTION NO. __

You shall find your verdict for Plaintiff Marcie Vadnais if she has proved by the greater weight of the evidence that:

(1)     SIG Sauer was negligent in the manufacture of the Subject P320 Pistol **OR** SIG Sauer breached the implied warranty of merchantability in the manufacture of the Subject P320 Pistol; and

(2)     The defect was a proximate cause of Ms. Vadnais' injuries.

On these issues Plaintiff Marcie Vadnais has the burden of proof.

_____

You shall find your verdict for SIG Sauer if

(3)     Ms. Vadnais fails to prove either (1) or (2) above.

_____

As to the negligence claim, you shall find for SIG Sauer if it has proven by the greater weight of the evidence that:

(4)     Ms. Vadnais was negligent and her negligence was a proximate cause of the accident.

_____

30

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**<u>Damages</u>**

The burden is on Plaintiff to prove by the greater weight of the evidence each item of damage she claims and to prove that each item was caused by SIG Sauer's negligence.  She is not required to prove the exact amount of her damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item.  If Plaintiff fails to do so, then she cannot recover for that item.

(VMJI No. 9.010.)

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**<u>Damages</u>**

If you find your verdict for the Plaintiff, then in determining the damages to which Plaintiff is entitled, you shall consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of SIG Sauer:

(1)     any bodily injuries she sustained and their effect on her health according to their degree and probable duration;

(2)     any physical pain she suffered in the past;

(3)     any disfigurement or deformity and any associated humiliation or embarrassment;

(4)     any inconvenience caused in the past;

(5)     any medical expenses incurred in the past;

(6)     any earnings she lost because she was unable to work at her calling; and

Your verdict shall be for such sum as will fully and fairly compensate Plaintiff for the damages sustained as a result of SIG Sauer's negligence.

(Adapted from VMJI No. 9.000 – modified to remove award for future damages pending outcome of SIG Sauer's Motion *in Limine*)

32

## JURY VERDICT FORM

We, the jury, on the issues joined, find our verdict for the plaintiff, Marcie Vadnais, and assess her damages at _____.


_____
**FOREPERSON**


**OR**

We, the jury, on the issues joined, find our verdict for the defendant, SIG Sauer, Inc.


_____
**FOREPERSON**

33

**PROPOSED JURY INSTRUCTION NO. ___**

**General Instructions – Province of the Court and Jury**

MEMBERS OF THE JURY, now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty to follow the law as I shall state it to you and apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction as alone stating the law, but you should consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. You must follow and apply the law.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you must follow my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. You, not I, have a duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is being given to you, and reach a just verdict, regardless of the consequences.

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Parties of Equal Standing</u>**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.  A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations, stand equal before the law, and are to be treated as equals.

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**<u>Evidence in the Case</u>**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**PROPOSED JURY INSTRUCTION NO. ___**

**Evidence – Direct or Circumstantial**

Generally speaking, there are two types of evidence presented during a trial – direct evidence and circumstantial evidence.

"Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.

"Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Verdict Based on Evidence</u>**

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation.

Your verdict must be based solely upon the evidence and the instructions of the Court.

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**<u>Amount Sought Not Evidence</u>**

Any amount of damages is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

## PROPOSED JURY INSTRUCTION NO. __

### <u>Credibility of Witnesses</u>

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impressed you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**<u>Use of Depositions as Evidence</u>**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand, may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

42

**PROPOSED JURY INSTRUCTION NO. __**

**<u>Expert Opinion Evidence</u>**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become an expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  *In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it and the underlying facts and data upon which he relied.*

If you should decide that the opinion of an expert witness is not based on sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

## PROPOSED JURY INSTRUCTION NO. __

### Conflicting Expert Testimony

You have heard testimony of expert witnesses who have been called by both sides to give their opinions.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact-that is, whether plaintiff has proven his claims by the greater weight of the evidence; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

## PROPOSED JURY INSTRUCTION NO. __

### <u>Impeachment – Inconsistent Statements or Conduct</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**PROPOSED JURY INSTRUCTION NO. __**

**<u>Stipulations</u>**

The parties have stipulated to certain facts.  A stipulation is an agreement among the parties that a certain fact is true.  You must treat these stipulations as having been proven for the purposes of this case.

## PROPOSED JURY INSTRUCTION NO. ___

### <u>Burden of Proof</u>

Plaintiff Marcie Vadnais has the burden in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence.  If Plaintiff Marcie Vadnais should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for defendant SIG Sauer, Inc., as to that claim.

*The defendant has the burden of establishing the essential elements of certain affirmative defenses.  I will explain this later.*

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof of an absolute certainty, since proof of an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**PROPOSED JURY INSTRUCTION NO. ___**

**Plaintiff's Claims Against SIG Sauer – Introduction**

Plaintiff claims damages for personal injury alleged to have been suffered as a result of defendant SIG Sauer's negligence and breach of implied warranty of merchantability.

Plaintiff is pursuing these claims under two alternative legal theories. First, Plaintiff claims SIG Sauer manufactured the Subject P320 Pistol in a manner that rendered it unreasonably dangerous for its foreseeable uses.

Second, Plaintiff claims that by selling the Subject P320 Pistol, SIG Sauer impliedly warranted that the Subject P320 Pistol was reasonably fit for its foreseeable uses. Plaintiff claims that SIG Sauer breached the implied warranty of merchantability with regard to the Subject P320 Pistol in that SIG Sauer manufactured the Subject P320 Pistol in a manner that rendered it unreasonably dangerous for its foreseeable uses.

I will instruct you on the law of each of these claims. SIG Sauer denies these claims. On each of these claims, Plaintiff bears the burden of proof.

If you find that Plaintiff has met his burden of proof under any of the two legal theories, you shall find your verdict on that claim in favor of Plaintiff. Otherwise, your verdict will be for SIG Sauer.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Essential Elements of Plaintiff's Claim</u>**

Plaintiff Marcie Vadnais must establish three essential elements in order to recover:

One: Defendant SIG Sauer manufactured the Subject P320 Pistol, which at the time Defendant SIG Sauer manufactured it, was in a defective condition unreasonably dangerous to the consumer or user;

Two: the Subject P320 Pistol was expected to and did reach the ultimate consumer without substantial change in the condition in which Defendant SIG Sauer had it; and

Three:  the defective condition in the Subject P320 Pistol proximately caused injury to the Plaintiff, Marcie Vadnais.

If you find plaintiff Marcie Vadnais has established each of these elements by a preponderance of the evidence, your verdict will be for Plaintiff Marcie Vadnais.  Otherwise, your verdict will be for defendant SIG Sauer.

49

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Definition of Defective Condition</u>**

A product is in a defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer with the ordinary knowledge common to the foreseeable class of users as to its characteristics.  A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Definition of Proximate Cause</u>**

A defective condition proximately causes an injury if the defect directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so it reasonably can be said that, except for the defective condition, the injury complained of would not have occurred.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Definition of Negligence</u>**

Negligence is the failure to use ordinary care.  Ordinary care is the care a reasonable person would have used under the circumstances of this case.  In the case of manufacturers, ordinary care is the care a reasonable manufacturer in the industry would have used under the circumstances.

## PROPOSED JURY INSTRUCTION NO.__

### <u>Manufacturer's Duty</u>

A manufacturer has a duty to use ordinary care in manufacturing a product that will be reasonably safe for its intended purpose and for any other reasonably foreseeable purpose.

If a manufacturer fails to perform this duty, then it is negligent.

**PROPOSED JURY INSTRUCTION NO.___**

**<u>Manufacturer not Guarantor</u>**

The manufacturer of a firearm is not a guarantor that no one will get hurt using it.  What the manufacturer is required to do is to make a product free from defective and unreasonably dangerous conditions.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Fact that there was Accident</u>**

The fact that there was an accident and that Plaintiff was injured does not, of itself, entitle Plaintiff to recover.

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Burden of Proof</u>**

The plaintiff has the burden of proving by the greater weight of the evidence that SIG Sauer was negligent and that SIG Sauer's negligence proximately caused the accident and Plaintiff's injuries.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Definition of Contributory Negligence</u>**

Contributory negligence is the failure to act as a reasonable person would have acted for her own safety under the circumstances of this case.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Contributory Negligence Burden of Proof</u>**

When the defendant claims contributory negligence as a defense, he has the burden of proving by the greater weight of the evidence that the plaintiff was negligent and that this negligence was a proximate cause of plaintiff's injuries.  Contributory negligence may be shown by the defendant's evidence or by the plaintiff's evidence. Contributory negligence is the failure to act as a reasonable person would have acted for her own safety under the circumstances of this case.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Contributory Negligence – Parties' Negligence Not Compared</u>**

If you find by the greater weight of the evidence that both the plaintiff and the defendant were negligent and that their negligence proximately contributed to the accident, you may not compare the negligence of the parties.  Any negligence of the plaintiff which was a proximate cause of the accident will bar the plaintiff from recovering.

## PROPOSED JURY INSTRUCTION NO.__

### <u>Implied Warranty of Merchantability</u>

  Plaintiff also seeks to recover damages for breach of implied warranty of merchantability.

A warranty is a promise or guarantee by a manufacturer or seller that the product is of a certain

quality or character.  The word "seller" includes a manufacturer and all others who sell a product.

There is an implied warranty by a seller that the product will be fit for the purposes for which it is

ordinarily used.

**PROPOSED JURY INSTRUCTION NO.__**

**<u>Implied Warranty of Merchantability</u>**

The manufacturer has breached the implied warranty that the product is fit for the purposes for which it is ordinarily used if the plaintiff proves by a preponderance of the evidence that the product was unreasonably dangerous either for the use to which it would ordinarily be put or for some other reasonably foreseeable purpose, and that the unreasonably dangerous condition existed when the product left the manufacturer's hands.

## PROPOSED JURY INSTRUCTION NO. __

You shall find your verdict for Plaintiff Marcie Vadnais if she has proved by the greater weight of the evidence that:

(1)     SIG Sauer was negligent in the manufacture of the Subject P320 Pistol **OR** SIG Sauer breached the implied warranty of merchantability in the manufacture of the Subject P320 Pistol; and

(2)     The defect was a proximate cause of Ms. Vadnais' injuries.

On these issues Plaintiff Marcie Vadnais has the burden of proof.

_____

You shall find your verdict for SIG Sauer if

(3)     Ms. Vadnais fails to prove either (1) or (2) above.

_____

As to the negligence claim, you shall find for SIG Sauer if it has proven by the greater weight of the evidence that:

(4)     Ms. Vadnais was negligent and her negligence was a proximate cause of the accident.

_____

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>Damages</u>**

The burden is on Plaintiff to prove by the greater weight of the evidence each item of damage she claims and to prove that each item was caused by SIG Sauer's negligence.  She is not required to prove the exact amount of her damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item.  If Plaintiff fails to do so, then she cannot recover for that item.

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**<u>Damages</u>**

If you find your verdict for the Plaintiff, then in determining the damages to which Plaintiff

is entitled, you shall consider any of the following which you believe by the greater weight of the

evidence was caused by the negligence of SIG Sauer:

(1)     any bodily injuries she sustained and their effect on her health according to their
        degree and probable duration;
(2)     any physical pain she suffered in the past;
(3)     any disfigurement or deformity and any associated humiliation or embarrassment;
(4)     any inconvenience caused in the past;
(5)     any medical expenses incurred in the past;
(6)     any earnings she lost because she was unable to work at her calling; and

Your verdict shall be for such sum as will fully and fairly compensate Plaintiff for the

damages sustained as a result of SIG Sauer's negligence.

**JURY VERDICT FORM**

      We, the jury, on the issues joined, find our verdict for the plaintiff, Marcie Vadnais, and

assess her damages at _____.


                                   _____

                                   **FOREPERSON**


**OR**

      We, the jury, on the issues joined, find our verdict for the defendant, SIG Sauer, Inc.


                                   _____

                                   **FOREPERSON**

Dated: March 22, 2019

Respectfully submitted,

By: /s/ Laura May Hooe_____
Martin A. Conn, Esq. (VSB No. 39133)
Matthew J. Hundley, Esq. (VSB No. 76865)
Laura May Hooe, Esq. (VSB No. 84170)
MORAN REEVES & CONN PC
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
Telephone:  (804) 421-6250
Facsimile:   (804) 421-6251
mconn@moranreevesconn.com
mhundley@moranreevesconn.com
lmayhooe@moranreevesconn.com

**Robert L. Joyce, Esq.**
**Robert J. Kelly, Esq.**
LITTLETON PARK JOYCE UGHETTA &
KELLY, LLP
*Attorneys for Defendant Sig Sauer, Inc.*
4 Manhattanville Road, Suite 202
Purchase, New York  10577
Telephone: (914) 417- 3400
Fax: (914) 417- 3401
robert.joyce@littletonpark.com
robert.kelly@littletonpark.com

*Counsel for Defendant SIG Sauer, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 22nd day of March, 2019, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Corey R. Pollard (VSB No. 78931)
> Jenkins, Block & Associates P.C.
> 1111 East Main Street, Suite 803
> Richmond, Virginia 23219
> (804) 788-4311
> corey_pollard@teamjba.com
>
> Jeffrey S. Bagnell (CT No. 18983)
> Jeffrey S. Bagnell, Esq.
> 55 Greens Farms Road, #200-60
> Westport, Connecticut 06880
> (203) 984-8820
> (203) 255-4454 (fax)
> jeff@bagnell-law.com
>
> *Counsel for Plaintiff*

> By: /s/ Laura May Hooe
> Martin A. Conn, Esq. (VSB No. 39133)
> Matthew J. Hundley, Esq. (VSB No. 76865)
> Laura May Hooe, Esq. (VSB No. 84170)
> MORAN REEVES & CONN PC
> 100 Shockoe Slip, 4th Floor
> Richmond, Virginia 23219
> Telephone:  (804) 421-6250
> Facsimile:  (804) 421-6251
> mconn@moranreevesconn.com
> mhundley@moranreevesconn.com
> lmayhooe@moranreevesconn.com
>
> *Counsel for Defendant SIG Sauer, Inc.*